## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR MANOCCHIO,** | : | **No. 3:06cv710** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHILDREN'S SERVICE CENTER OF** | : | |
| **WYOMING VALLEY,** | : | |
| **Defendant** | : | |

Before the court is defendant's motion to dismiss the plaintiff's complaint, or in the alternative, for summary judgment (Doc. 3). Having been fully briefed and argued, the matter is ripe for disposition.

**Background**

Plaintiff filed his complaint on April 5, 2006. (See Doc. 1). The complaint alleges that the plaintiff, Victor Manocchio, began working at the Children's Service Center of Wyoming Valley in March 2002. (Id. at ¶ 7). In December of that year, Manocchio informed the center that he also worked as a volunteer for Kobi's Korner, a non-profit organization that aids abused children. (Id. at ¶ 15). In July 2003, Manocchio wrote to Ken Zula, Vice President of Human Resources at the Center, advising him that he was involved in the Michael Pierson Memorial Project, a community organization that focuses on gay and lesbian issues. (Id. at ¶ 16). On July 14, 2003, Karen Boonin, Director of Outpatient Services at the Center and plaintiff's supervisor, reviewed plaintiff's letter. (Id. at ¶ 17) Boonin examined the

letter and then asked plaintiff "Why should anyone care?  What business is it of anyone else's if you are involved in screwed up sexual practices."  (Id.).  The next day, Daniel Bellerteri, senior outpatient therapist, "distastefully fabricated a story about transferring a new client, who wanted a sex change, to Manocchio."  (Id. at ¶ 18).  These actions led the plaintiff, on July 21, 2003, to file a grievance against Boonin and Bellerteri, giving the document to Zula and Anthony Black, Department Head for Outpatient Services.  (Id. at ¶ 19).

A "deterioration" of the relationship between Boonin and Manocchio followed this grievance filing.  (Id. at ¶ 20).  Boonin on several occasions threatened Manocchio with disciplinary action.  (Id.).  In December 2003, Manocchio had several conversations with Black about filing a grievance against Boonin for retaliating against Manocchio after he filed his grievance.  (Id. at ¶ 21).  Black suggested that he, plaintiff, Zula and Boonin met to work out their problems.  (Id. at ¶ 22).  The meeting never happened, and on January 26, 2004, Boonin filed a disciplinary report against Manocchio.  (Id. at ¶ 23).  She alleged poor job performance and violation of employment practices and protocols.  (Id.).  This action placed Manocchio on probation for 90 days and subjected him to potential termination.  (Id.).

Manocchio filed a response to that disciplinary report on February 6, 2004.  (Id. at ¶ 24).  During a meeting with supervisors on February 12, 2004, Zula, Black and Boonin urged Manocchio to retract his response.  (Id. at ¶ 25).  Zula met with

2

Manocchio the next day with a similar suggestion.  (Id. at ¶ 26).  Manocchio formally

refused to withdraw the grievance the next day.  (Id. at ¶ 27).  Manocchio then

received permission to review his employee file and discovered that several

documents were missing.  (Id. at ¶¶ 28-29).  He wrote a letter regarding these

missing documents and sent it to the President of the Center, the Pennsylvania

Human Relations Commission (PHRC) and the Equal Employment Opportunity

Commission (EEOC).  (Id. at ¶ 29).  Manocchio filed another grievance against

Boonin on April 4, 2004, relating to an incident that occurred on April 1, 2004

(plaintiff does not describe this incident in detail).  (Id. at ¶ 30).  The Center fired

Mannochio on June 11, 2004.  (Id. at ¶ 31).  Plaintiff contends that this termination

was motivated by defendant's desire to retaliate against him for filing complaints and

grievances against Boonin.  (Id. at ¶ 32).

       After filing a complaint with the PHRC, plaintiff received a right-to-sue letter

from the Commission on January 25, 2006.  (See Letter from Peggy Raycock to

Victor Manocchio, attached as Exhibit A to Complaint (Doc. 1)).  He received a

similar letter from the EEOC on March 21, 2006.  (See Notice of Right to Sue,

Attached as Exhibit A to Complaint (Doc. 1)).  The EEOC complaint upon which this

right to sue letter was based alleged sex discrimination, not retaliation, as the basis

for the complaint. (See Notice of Charge of Discrimination, attached as Exhibit A to

defendant's motion for summary judgment (Doc. 3)).  The instant complaint

nevertheless alleges unlawful retaliation under Title VII of the 1964 Civil Rights Act,

42 U.S.C. § 2000e-3(a) (Title VII), for plaintiff's filing of grievances.  Mannochio also

alleges a violation of the Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 951

*et seq.*, based on the same charges.  The complaint seeks actual and compensatory

damages, punitive damages, costs and attorney's fees.

**Legal Standard**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are

tested.  The issue is whether the facts alleged in the complaint, if true, support a

claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court

must accept as true all factual allegations in the complaint and give the pleader the

benefit of all reasonable inferences that can fairly be drawn therefrom, and view

them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist.,

132 F.3d 902, 906 (3d Cir. 1997).[1]

**Discussion**

The dispute between the parties here is over whether plaintiff exhausted his

administrative remedies, as required under Title VII, before bringing suit.  See

Atkinson v. Lafayette College, 460 F.3d 447, 453 (3d Cir. 2006) (holding that

"[g]enerally, before filing a Title VII suit, an employee must file a complaint with the

EEOC to attempt to resolve the dispute before involving litigation.").  Defendant

points out that the formal charges filed by the PHRC and the EEOC did not include

---

[1]As we can dispose of defendant's motion without addressing matters outside the
pleadings, we decline to convert the motion to one for summary judgment.

retaliation complaints, but only focused on sex discrimination.  Since these complaints were not before the EEOC and the PHRC, the plaintiff has not exhausted his administrative remedies and cannot sue.  In addition, defendant argues, the retaliation complaints would now be time-barred.  Plaintiff did not allege them to the PHRC or the EEOC within the proscribed time periods, 180 for the PHRC and 300 days for the EEOC.  Plaintiff responds to this argument by pointing out that he included retaliation in his original complaint to the PHRA, both by checking off retaliation as a cause of his complaint in the filing he mailed to the Commission and in his interview with a Commission employee.  Plaintiff believed that when the Commission included discharge as a reason for the complaint "retaliation" was included in that charge.

Even if we are to accept that plaintiff claimed retaliation as the source of the discrimination and termination he faced and thus had exhausted his administrative remedies, we would have to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.  In his complaint, plaintiff does not directly explain the substance of his grievances.  It appears, however, that these grievances against Boonin were related to her response to his engaging in activities outside of work related to groups organized to protect abused children and children dealing with issues related to their sexual orientation.  His relationship with the Center began to deteriorate after his employer learned of his involvement with these groups.  We find that plaintiff does not allege that he engaged in any protected activity by filing grievances about this behavior.  To plead a retaliation claim under Title VII, a plaintiff

5

must show that "(1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." Abramson v. William Patterson College, 260 F.3d 265 (3d Cir. 2001); See 42 U.S.C. § 2000e-2(a) (establishing that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.").

Plaintiff does not allege that the grievance he filed was over discrimination on the basis of sex, race or national origin, categories covered by Title VII and the PHRA.[2] See 42 U.S.C. 2000e-2(a) (making it illegal for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin."). Instead, if we are to read the complaint liberally, plaintiff filed grievances

─────────────────────

[2] We note that we apply the same standards to claims under the PHRA and Title VII. If we dismiss a Title VII claim, then, we also dismiss the claim under the PHRA. See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996) (finding that "[w]hile the Pennsylvania courts are not bound in their interpretations of Pennsylvania law by federal interpretations of parallel provisions in Title VII, the ADA, or the ADEA [citations omitted], its courts nevertheless generally interpret the PHRA in accord with its federal counterparts.").

6

over activity related to sexual orientation, or general grievances related to his treatment by the defendants after he filed the grievances.  He therefore cannot state a claim of retaliation upon which we could grant relief.  This case is like Barber v. CSX Distrib. Servs., 68 F.3d 694 (3d Cir. 1996), where the court found that an employee who wrote a letter complaining that a position had been awarded to an individual less competent than he had not presented evidence sufficient to survive summary judgment on a retaliation claim under the Age Discrimination in Employment Act (ADEA).  Barber, 68 F.3d at 702.  There, the court noted that ADEA covered discrimination on the basis of age and found that "[a] general complaint of unfair treatment does not translate into a charge of illegal age discrimination."  Id. Similarly, plaintiff here complains of unfair treatment but does not allege that the treatment was based on any activity or status protected by Title VII.  He has thus failed to make out a retaliation claim.[3]  We will therefore dismiss the case.  An appropriate order follows.

---

[3]We note that once we dismiss the Title VII claim we lack subject-matter jurisdiction to hear plaintiff's PHRA claim.  In any case, the PHRA does not prohibit discrimination on the basis of sexual orientation or perceived sexual orientation, and we would likewise find that plaintiff had not stated a retaliation claim.  See 43 P.S. § 952 (prohibiting employment discrimination on the basis of race, color, religious creed, ancestry, handicap or disability, age, sex, national origin, the use of a guide or support animal because of blindness, deafness or physical handicap of the user or because the user is a handler or trainer of support or guide animals.").

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR MANOCCHIO,** | : | **No. 3:06cv710** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **CHILDREN'S SERVICE CENTER OF** | : | |
| **WYOMING VALLEY,** | : | |
| **Defendant** | : | |

### ORDER

**AND NOW**, to wit, this 28th day of February 2007, the defendant's motion to dismiss plaintiff's complaint, or in the alternative, for summary judgment (Doc. 3) is hereby **GRANTED**. The Clerk of Court is directed to close the case.

**BY THE COURT:**


**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

8